IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

        Plaintiff,                       No. CIV S-11-0094 WBS EFB P

    vs.

GUZMAN, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  She[1] has submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).  Dckt. No. 8.

        On March 18, 2011, this court dismissed plaintiff's complaint because plaintiff had joined unrelated claims and ordered plaintiff to file an amended complaint containing only related claims.  Dckt. No. 9.  The court noted that plaintiff has filed three or more actions that have been dismissed as frivolous, malicious, or for failing to state a claim and has accordingly been designated a "three strikes" litigant under 28 U.S.C. § 1915(g).  *Williams v. Gonzalez*, No. 03-6770, Dckt. No. 24, Order of Sept. 10, 2004.  Thus, the court informed plaintiff that she is not

---

[1] Plaintiff informs the court that she is a transsexual who prefers to be referred to by feminine pronouns.

1

entitled to proceed in forma pauperis unless she is under imminent danger of serious physical injury. Dckt. No. 9 at 3.

Plaintiff filed her amended complaint on March 30, 2011. Dckt. No. 10. In the amended complaint, plaintiff alleged that defendant Guzman refused to remove an "R" suffix from plaintiff's chronos and central file, causing plaintiff to lose her dining hall job, preventing her from obtaining a job in the law library, and resulting in name-calling from other inmates and other harm to her reputation. Dckt. No. 10 at 4-5. Plaintiff alleged that the "R" suffix is a designation attached to inmates who have been arrested or convicted of a sex offense. *Id.* Plaintiff alleged that defendant Guzman's conduct caused her emotional injury and disregarded her "past, present, and future" safety. *Id.* at 5. Plaintiff did not identify any present threat to her physical well-being, however. Plaintiff further alleged that defendant Daly failed to process plaintiff's grievance against defendant Guzman. *Id.* at 5-6.

A plaintiff may satisfy the "imminent danger" exception to the three strikes rule of § 1915(g) by alleging facts indicating an ongoing danger of serious physical injury. *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007). As plaintiff's amended complaint alleged no facts indicating that she faced an ongoing danger of serious physical injury, the court ordered plaintiff to show cause why her application to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g) and why plaintiff should not be directed to submit the $350 filing fee, in full, or suffer dismissal pursuant to Local Rule 110.

In response, plaintiff argues that she was in imminent danger when the complaint was filed because she was being poisoned daily. However, plaintiff elected not to pursue her poisoning claims against defendant McElroy, contained in the initial complaint, when she filed an amended complaint containing no mention of those claims but instead pursuing her unrelated claims against defendant Guzman. Following the court's order of March 8, 2011, plaintiff had the option to select which of these unrelated claims to pursue in this action. Having elected to pursue her claims against defendant Guzman, plaintiff cannot rely on the allegations against

1  defendant McElroy to establish imminent danger.

2  Accordingly, it is hereby RECOMMENDED that:

3  1. Plaintiff's January 10, 2011 motion to proceed in forma pauperis (Docket No. 2) be
4  denied; and

5  2. Plaintiff be given thirty days to pay the statutory filing fee of $350.00 and be
6  admonished that failure to do so will result in dismissal of this action.

7  These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
9  after being served with these findings and recommendations, plaintiff may file written objections
10 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
11 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
12 time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153
13 (9th Cir. 1991).

14 DATED:  August 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE